IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ERIC MCGAIL CRISWELL**　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #165409**

**V.**　　　　　　　　　**NO. 4:22-cv-01052-JM-ERE**

**DEXTER PAYNE,** *et al.*　　　　　　　　　　　　　　　　**DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.　Procedure for Filing Objections:

This Recommendation for the dismissal of Mr. Criswell's claims has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### II.　Background:

Plaintiff Eric McGail Criswell, an Arkansas Division of Correction ("ADC") inmate, filed this *pro se* civil rights lawsuit under 42 U.S.C. § 1983. *Docs. 2, 5*. Mr. Criswell alleges that, although he suffers from mental illness, Director Dexter Payne, Deputy Director William Straughn, Head Warden Moses Jackson, and Deputy

Warden Johnson have assigned him to restrictive housing in violation of his constitutional rights.

Pending before the Court are: (1) Defendants' motion for judgment on the pleadings and a supporting brief (*Docs. 18, 19*); and (2) Defendants' motion for summary judgment, a statement of undisputed facts, and a supporting brief arguing that Mr. Criswell failed to fully exhaust his administrative remedies before filing this lawsuit (*Docs. 22, 23, 24*). Mr. Criswell has not responded to Defendants' motions, and the time for doing so has passed. *Docs. 20, 26*. Both of Defendants' motions are now ripe for review.

For the reasons explained below, the undersigned recommends that the Court grant Defendants' motion for summary judgment and dismiss, without prejudice, Mr. Criswell's claims against them based on his failure to fully exhaust his administrative remedies.[1]

### III. Discussion:

#### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison

---

[1] Accordingly, Defendants' motion for judgment on the pleadings should be dismissed as moot.

conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Criswell to satisfy the ADC's requirements for raising and exhausting the claims he is asserting in this lawsuit before bringing this action.[2]

### B. The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 22 at 29-59*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 47*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two"

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

3

formal unit-level grievance raising that claim with the Warden (or Health Services Administrator) within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 34-42*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejection of an appeal. *Id. at 41*.

Thus, to properly exhaust his administrative remedies with respect to his claims against Defendants, Mr. Criswell was required to present each claim in a timely filed grievance and to complete all three steps of the ADC's grievance process before initiating this lawsuit. See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original).

### C.  Mr. Criswell's Grievance History

Defendants submit the declarations of: (1) the ADC Inmate Grievance Supervisor Terri Grigsby Brown; and (2) the ADC Medical Grievance Coordinator Brandy Johnson. *Doc. 22 at 6-28*. The declarations, which Mr. Criswell does not dispute, state that Mr. Criswell filed six grievances during the time period relevant to this lawsuit: (1) EAM-22-1676; (2) EAM-22-1718; (3) EAM-22-1806; (4) EAM-22-1807; (5) EAM-22-1876; and (6) EAM-22-1945. *Id. at 12-13, 27*. As explained

below, none of the issues Mr. Criswell raised in grievances EAM-22-1676, EAM-22-1718, EAM-22-1806, EAM-22-1807, and EAM-22-1876 relate to the claim he presents in this lawsuit, and he failed to fully exhaust grievances EAM-22-1676, EAM-22-1718, EAM-22-1807, and EAM-22-1876. In addition, although he raised complaints similar to his present claims in grievance EAM-22-1945, he failed to exhaust that grievance *before* he filed this lawsuit.  Accordingly, Mr. Criswell cannot rely on any of these six grievances to show that he exhausted his administrative remedies as to any of the claims raised in this lawsuit.

Five of Mr. Criswell's grievances fail to raise the claim he presents in this lawsuit, that he is mentally ill and the ADC has placed him in restrictive housing in violation of his constitutional rights:

- In grievance EAM-22-1676, Mr. Criswell: (1) complained that he needed additional inmates placed on his enemy alert list; and (2) requested that he be transferred to another ADC unit as soon as possible. *Id at 61*.

- In grievance EAM-22-1718, Mr. Criswell again complained that he felt unsafe and requested to be transferred to another ADC unit. *Id. at 65*.

- In grievance EAM-22-1806, Mr. Criswell requested that Defendant Jackson transfer him to another ADC unit based on the concerns for his safety. *Id. at 77*. Although Mr. Criswell identified Defendant Jackson

in that grievance, he did not complain that Defendant Jackson acted with deliberate indifference to his mental health needs by continuing to hold him in restrictive housing.

- In grievance EAM-22-1807, Mr. Criswell stated that he did not want to be assigned to general population based on the concerns for his safety and would rather stay in isolation. *Id. at 83*.

- In grievance EAM-22-1876, Mr. Criswell complained that, since he had been housed in restrictive housing, unidentified ADC officers had: (1) failed to wash his clothes or his sleeping bag; (2) consistently kept the lights turned on; (3) denied him yard call; and (4) failed to provide him spoons with his meal trays. *Id. at 93*.

On September 25, 2022, Mr. Criswell submitted grievance EAM-22-1945 via informal resolution. *Id. at 98*. He complained that, although he had been assigned to restrictive housing for over a month, his caseworker had not examined him. *Id*. He alleged that, although ADC policy prevents mentally ill inmates from being housed in restrictive housing, Defendants Jackson, Johnson, Strong, and Payne have allowed him to remain housed there. *Id*.

On October 31, 2022, Mr. Criswell received the health services response to his unit level grievance. *Id. at 100*. After determining that Mr. Criswell's caseworker saw him on August 26, 2022, and September, 6, 2022, the health services

6

administrator found Mr. Criswell's grievance without merit. *Id*. Mr. Criswell then appealed that decision to the Chief Deputy/Deputy/Assistant Director.

On November 30, 2022, Director Andrea Culclager found Mr. Criswell's grievance to be without merit. *Id. at 103*.

On October 31, 2022, Mr. Criswell filed this lawsuit. *Doc. 2*. Accordingly, although Mr. Criswell fully exhausted the claims raised in grievance EAM-22-1945, he failed to do so before filing this lawsuit.

Mr. Criswell offers no evidence to dispute Defendants' evidentiary showing that he failed to fully exhaust his administrative remedies regarding the claims raised in this lawsuit. Thus, on this record, there is no genuine issue of material fact regarding his failure to exhaust his administrative remedies, and Defendants are entitled to judgment as a matter of law. Mr. Criswell's claims should be dismissed without prejudice.[3]

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

---

[3] On December 2, 2022, Mr. Criswell filed his amended complaint in this matter. *Doc. 5*. However, as previously noted, the PLRA requires an inmate to complete the exhaustion process before filing a lawsuit in federal court. 42 U.S.C. § 1997e(a). "Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in the original). Based on that ruling, this Court has held that a prisoner must exhaust available remedies before the date on which he filed suit, not the date of an amended complaint. See *Dunahue v Payne*, 2022 WL 2961878, at *3 (E.D. Ark. July 5, 2022); *Tyler v. Kelley*, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018); and *Dunahue v. Bolden*, 2016 WL 7650673, at *2 (E.D. Ark. Dec. 19, 2016).

1. Defendants' motion for summary judgment (*Doc. 22*) be GRANTED based on Mr. Criswell's failure to fully exhaust his administrative remedies before filing this lawsuit.

2. Mr. Criswell's claims be DISMISSED, without prejudice.

3. Defendants' motion for judgment on the pleadings *(Doc. 18)* be DENIED, as moot.

4. Defendants' motion to strike (*Doc. 27*) be DENIED, as moot.

Dated this 8th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE